**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS TEDROS AMANUEL, a.k.a. Thomas T. Amanuel, a.k.a. Thomas Amanuel Tedros, a.k.a. Thomas Johnny Tedros, | No. 15-73486 |
| | Agency No. A025-303-038 |
| Petitioner, | |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018**

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Thomas Tedros Amanuel, a native and citizen of Ethiopia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for an abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion by denying Amanuel's second untimely motion to reopen where Amanuel failed to present evidence of materially changed country conditions in Eritrea to qualify for the regulatory exception to the time and number limitations for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Najmabadi*, 597 F.3d at 987 (in order for evidence to be material, it must be qualitatively different from the evidence presented at the previous hearing). Because this determination is dispositive of Amanuel's motion to reopen, we do not reach his contention that the BIA applied the wrong legal standard when analyzing whether Amanuel established prima facie eligibility for relief.

Finally, we reject as unsupported by the record Amanuel's contention that the BIA failed to consider his claim that he would be persecuted or tortured on account of his religion.

**PETITION FOR REVIEW DENIED.**

15-73486